## McClellan et al. v. Hurd.

A court having original jurisdiction over the subject-matter, so long as the cause has not been transferred by appeal or otherwise, and the interest of innocent third persons is not affected, has plenary power upon proper notice to enforce at a subsequent term the legal stipulations of parties in connection with its orders or judgments made at a previous term.

*Appeal from District Court of Lake County.*

This was an action in ejectment.    On the 24th of November, 1884, a stipulation was entered into between counsel for plaintiff Hurd, and defendant Job C. McClellan, to the effect that judgment should be entered against Hurd, then vacated, and the cause tried on its merits; that, as between them, this trial on the merits should be final, save the right of review in the supreme court; that is to say, the right to a new trial by the successful party, upon the payment of costs, under the statute (Code, § 274), was expressly waived.    This stipulation was in writing, and was filed with the clerk of the court.    On

the 27th of March following, trial was had and final judgment rendered in favor of Hurd. From this judgment McClellan appealed to the supreme court; the appeal being afterwards dismissed. At the succeeding (November) term, 1885, of the district court, however, the costs having been paid by either him or one of his co-defendants, the following proceedings were had and recorded: "Wednesday, November 4, 1885, being one of the judicial days of the November term, A. D. 1885, of said court, defendants moved the court to set aside and vacate the judgment heretofore rendered, and grant a new trial in the action; and it appearing to the court that all costs have been paid, pursuant to the statute, it is ordered that the judgment be vacated and set aside, and that the cause be reinstated on the docket of the court." Thus it is shown that, notwithstanding the stipulation mentioned, the judgment theretofore rendered was vacated, under the statute, and a new trial granted Job C. McClellan as well as the other defendant. During the March term, A. D. 1886, to wit, on June 1st, counsel for Hurd filed an affidavit stating all these proceedings, calling the court's attention to the stipulation, and asking an amendment of the foregoing record entry in accordance therewith, so as to deny Job C. McClellan the privilege of a new trial under the statute. Upon investigation Hurd's motion was granted by the court, and an order entered amending the former order, the effect of which amendment is to deprive McClellan of the statutory retrial. From the order or judgment last above mentioned the present appeal was taken.

Messrs. Rucker and Ewing, R. S. Morrison and C. C. Post, for appellants.

Mr. Wm. T. Hughes, for appellee.

Helm, J. This appeal was perfected under the statute of 1885, and no objection is interposed on the ground

that the record entry of June 1st did not constitute an appealable order. Hurd and McClellan had the undoubted power to make a valid stipulation, waiving the right to a new trial under the statute. This they attempted to do, and there is nothing in the record before us to show that any fraud was perpetrated by Hurd, or that McClellan was deceived or misled in the matter. The stipulation is mentioned, and sufficient of its substance given, in record entries. Whether actually made a matter of record *in hæc verba*, as stated by an affidavit included in appellants' transcript, and uncontradicted in this regard, is of little consequence. It was afterwards acted upon by the parties. First a judgment was taken against Hurd thereunder, *pro forma*, and set aside; then, as agreed, the cause was tried on its merits, the second judgment, however, being against McClellan. The latter's right to a review in this court upon appeal or error was not interfered with, and he attempted to perfect an appeal. The stipulation was binding upon the parties. Had it been possible to repudiate its terms at any stage of the proceedings, McClellan's attempt so to do was made too late. The order of November 4th rightfully vacated the judgment as to De Lamar, and there is nothing unreasonable in Hurd's position that until the term had lapsed he was not aware that it did more. This order should not have allowed McClellan a new trial. It appears clearly that the failure to distinguish between him and his co-defendant in this matter was inadvertent; that it was an oversight. In view of the court's subsequent action we cannot presume that the stipulation, though previously frequently recognized, was remembered or called to its attention, or considered by it in announcing the order. Nor is Hurd chargeable with negligence in not referring to the recorded stipulation when the order was made. For the statutory right to a new trial in this class of cases, upon payment of costs before the first day of the succeeding term, in the absence of a contrary agreement, is

absolute, and the corresponding order a matter of course. If notice to Hurd of the application was required, it does not appear to have been given, and neither he nor his attorney was present. Hurd relied upon the stipulation, and had a right to expect good faith thereunder on the part of McClellan. The court, at the succeeding term, simply amended its order, making the order what it should have been in the first instance under McClellan's agreement. The stipulation was still in force, and had McClellan appeared on June 1st, and consented to the action taken, the situation would not have been materially different. We shall hold that he is estopped by the stipulation from questioning the validity of the order appealed from. We do not follow counsel into a discussion of the rule prohibiting a court from altering or amending its judgment at a term subsequent to the entry thereof; nor do we consider the exceptions to this rule created by the common law and by statute. The reason for the rule is not applicable, nor do the rule or the exceptions control in cases like this. The court having original jurisdiction of the subject-matter has plenary power to carry out the legal stipulations of parties with reference to its orders and judgments; and so long as the cause has not been transferred, by appeal or otherwise, to some other tribunal, and the interest of innocent third persons is in nowise influenced, its right to act, upon proper notice, in the premises, is not affected by the lapse of a particular term.

The judgment is affirmed.

*Affirmed.*